UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
UNITED STATES OF AMERICA,

    -v-

JOAO CORCINO,
                   Defendant.
-------------------------------------------------------------X

19-CR-901 (JPO)

**DECLARATION**

PATRICK JOYCE, ESQ., affirms under penalty of perjury as follows:

1. I am the attorney of record for the defendant, Joao Corcino, and I am duly admitted to practice law before this Court.

2. I make this affirmation in support of the defendant's motion for pre-trial relief. Specifically, defendant moves to suppress all evidence seized at his apartment and from his person on the grounds that law enforcement lacked the requisite probable cause to detain Mr. Corcino in the lobby of his building. Furthermore, officers searched his apartment, and seized items from his apartment without first obtaining a warrant to enter his home. Further the defendant moves to suppress any and all statements made by him on October 7, 2019.

3. The statements asserted as fact are based upon my examination of the indictment and the discovery materials provided by the government and are made upon information and belief and in connection with the declaration by Joao Corcino which is being filed with this motion.

4. On October 7, 2019, Joao Corcino was residing in an apartment located at 615 West 73rd Street, New York, New York. Mr. Corcino was leaving his apartment, number 3D at approximately 6:00 PM. Although law enforcement had targeted his apartment as a potential location were narcotics were being stored, they did not obtain a warrant to search the apartment. As Mr. Corcino was leaving the apartment building, he was confronted

by several law enforcement agents who demanded that he show them identification. After he showed them his passport, the officers told Mr. Corcino that he needed to prove that he lived in the building. Mr. Corcino was not permitted to leave the building. Officers then told Mr. Corcino to show them mail which might prove that he was a resident of the building. At that time, he was told to go back upstairs to his apartment to retrieve some mail. When we reached his apartment, number 3D, Mr. Corcino asked the officers to wait in the hall while he retrieved a piece of mail. When Mr. Corcino opened the door, an agent pushed in behind him saying, "I have to follow you in case you have a gun." Law enforcement entered Mr. Corcino's apartment against his will.

5. Agents then searched defendant's apartment and seized several items, to wit:

a. a telephone
b. a quantity of GHB/GBL (exhibit 18)
c. a quantity of crystal methamphetamine (exhibits 16 and 17)

6. At the time Mr. Corcino was detained in the lobby of his building, agents had effectuated a *de facto* arrest. In determining whether an investigatory stop is sufficiently intrusive to ripen into a *de facto* arrest, the Second Circuit considers the "amount of force used by the police, the need for such force, and the extent to which an individual's freedom of movement was restrained, and in particular such factors as the number of agents involved, whether the target of the stop was suspected of being armed, the duration of the stop, and the physical treatment of the suspect, including whether or not handcuffs were used." *United States v. Perea*, 986 F.2d 633, 645 (2d Cir. 1993) United States v. Vargas, 369 F.3d 98, 101. Here, Mr. Corcino was not permitted to leave his building, at least three officers escorted him up to his apartment. Mr. Corcino was not perceived to be armed or a physical threat to the officers. At the time they altered his course, did not permit him to leave, and forced him to return to his apartment, the officers had arrested Mr. Corcino.

7. Any analysis of Fourth Amendment seizures begins with the fact that searches conducted in the absence of a warrant are presumed invalid unless the prosecution can demonstrate that the seizing agents acted under one of the narrowly delineated exceptions to the warrant requirement. Katz v. United States, 389 U.S. 347, 356-68 (1967); Coolidge v. New Hampshire, 403 U.S. 443, 454-55 (1971). Here, the arrest of Mr. Corcino occurred at a time when the arresting officer had a hunch that Mr. Corcino was connected to an apartment which might contain narcotics. The officer acted upon this hunch and consequently violated Mr. Corcino's Constitutional rights. Mere suspicions are not sufficient to satisfy probable cause. *See e.g. United States v. Valentine*, 539 F.3d 88, 93 (2d Cr. 2008)(citing *Illinois v. Gates*, 462 U.S. 213, 244 n. 13 (1983)). For this reason, defendant moves the court for an order suppressing all physical evidence seized subsequent to this illegal arrest, or in the alternative for a hearing thereon.

8. Subsequent to this illegal detention, law enforcement agents illegally entered Mr. Corcino's home without a warrant. The warrant requirement of the Fourth Amendment guarantees the fundamental right to be free from government intrusion into the privacy of one's home. *See Payton v. New York*, 445 U.S. 573, 585-86, 589-90 (1980). Physical entry of the home is the "chief evil" against which the wording of the Amendment is directed. Id. at 585-86. To be arrested in the home, or to have items seized within one's home, involves not only the invasion attendant to all arrests, but also an invasion of the sanctity of the home. *United States v. Reed*, 572 F. 2d at 423. Even if probable cause exists, such an invasion is too substantial without a warrant. Id. at 423.

9. Prior to and during these seizures, agents questioned Mr. Corcino. Mr. Corcino was interrogated for approximately two hours. The agents question Mr. Corcino about the

ownership of items found in the apartment. The officers also elicited information via direct questioning regarding passwords to Mr. Corcino's phone.

10. This interrogation was not preceded by any Miranda warnings. The statements made by Mr. Corcino were made after he was in custody and before he was given his Miranda rights. They were also given after being questioned by law enforcement personnel and were not spontaneous utterances.

11. The defendant moves to suppress these statements or, in the alternative, for a hearing thereon and contends such statements were illegally obtained on the following grounds:

(a) They were made after the defendant was subjected to custodial interrogation without first being advised of his Miranda rights.

(b) The defendant made these statements without knowingly and intelligently waiving his right to remain silent.

(c) The statements were secured in violation of the defendant's right to counsel.

12. The defendant, therefore, requests that the statements of Mr. Corcino be suppressed due to the fact that the statements were involuntarily made without the benefit of Miranda warnings and were in violation of his right to counsel.

13. The Defendant also moves to suppress all statements made by Mr. Corcino on the grounds that the statements were taken at a time when he was under arrest on less than probable cause. Prior to the entry into his home, FBI agents were in possession of no facts that suggest that Mr. Corcino was engaged in any illegal activity. Agents stopped Mr. Corcino in the lobby of his apartment building, told him he needed to prove that he was a resident of that building. At that moment Mr. Corcino was, for all intents and purposes under arrest. Any statements taken after that time were done so in contravention of Mr. Corcino's rights as guaranteed under the Fourth Amendment to the United States Constitution. (See, Dunaway v. New York, 442 US 200 (1979).

14. Defendant also moves to suppress all evidence emanating from the agent's illegal detention and interrogation of Mr. Corcino. Evidence obtained from the use of passwords gained by law enforcement during his arrest at his apartment should also be suppressed. (See, Wong Sun v. United States, 371 US 471 (1963).

15. Defense counsel has endeavored to encompass within this omnibus motion all forms of pretrial relief that may properly be requested at this time.

16. Should this case assume a different posture at a later date, due perhaps to availability or unavailability of evidence, the Court is respectfully asked to grant leave to make such further motions as may seem appropriate at a future date.

WHEREFORE, deponent respectfully prays that an Order be issued granting to the defendant Corcino the relief sought within the instant motion, or in the alternative, that the Court schedule a hearing and/or hearings in order to appraise any contested issue of fact or law, together with such other and further relief as this Court may deem just and proper under the circumstances of this case.

Dated: March 12, 2020
New York, New York

_____
Patrick J. Joyce